UNITED STATES v. CONWAY LUMBER CO. et al.

(District Court, D. New Hampshire. August 16, 1916.)

Nos. 178, 179, 555, C. C.

DEPOSITS IN COURT ☞4—ACT OF CLERK—STIPULATION OF PARTIES.

Cr. Code, § 99 (Act March 4, 1909, c. 321, 35 Stat. 1106 [Comp. St. 1913, § 10267]), declares that whoever, being a clerk, shall fail to forthwith deposit any money belonging in the registry of the court or hereafter paid into court or received by the officers thereof with the treasurer or assistant treasurer, or designated depositary of the United States, in the name of and to the credit of the court, shall be guilty of an offense. Rev. St. § 996 (Comp. St. 1913, § 1645), declares that no money deposited in court shall be withdrawn save by order of the judge or judges, and it shall be the duty of the judge or judges to direct deposit in a designated depositary, while section 5153 (section 9691) declares that banking associations

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

designated by the Secretary of the Treasury shall be depositaries of the public money. In a condemnation suit, where there were conflicting claims to an award, the claimants stipulated that the award might be withdrawn from the registry of the clerk and deposited in certain other national banks, in order that interest should accrue while the fund was held in abeyance. *Held,* that for the clerk to make such deposits according to stipulation and orders thereon in national banks which were not those usually designated as depositaries was no violation of the Criminal Code.

[Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. §§ 5, 6; Dec. Dig. ☞4.]

At Law. Condemnation proceedings by the United States against the Conway Lumber Company and others. Deposit of funds by clerk of court according to stipulation approved.

Fred H. Brown, U. S. Atty., of Somersworth, N. H.
Allen Hollis, of Concord, N. H., for defendants.

ALDRICH, District Judge. The question is the same in all these cases, and it is raised in proceedings of the United States government to appropriate certain lands to public uses.

Large sums of money having been paid into court by the government as compensation for lands taken, and controversies having arisen as to what parties were entitled to the damages awarded, it was ordered that certain sums should be held in abeyance to await the disposition of questions arising from conflicting claims; and, the parties interested having expressly stipulated to the end that such sums might be withdrawn from the registry of the court and deposited in certain other national banks in order that interest should accrue while the funds were held in abeyance, the clerk, under such stipulations and orders thereon, withdrew the funds and deposited the same in certain specially designated national banks, other than the generally designated depositary of the United States.

The question which I am requested to pass upon is whether the act of the clerk was in violation of section 99 of the Criminal Code. I do not think it was. Under the bankruptcy statute, courts may designate depositaries of the United States for moneys paid into court or received by its officers in pending causes. Such designations, in the absence of special orders, would operate generally upon all moneys, all officers, and all causes.

These are not bankruptcy cases, and the bankruptcy statute has no express bearing, but there can be no doubt of a court's authority to make special orders in pending cases for special deposits, to the end that the funds shall be safeguarded in the interests of the parties concerned.

Section 996 of the Revised Statutes sustains this view.

It is true that section 5153 declares that banking associations designated by the Secretary of the Treasury shall be depositaries of the public money, but this statute has reference to public moneys in the broad and general sense, and it would seem that it should not be accepted as absolutely controlling courts in respect to moneys paid into court as indemnity or compensation for private rights. In such a sit-

uation, it must be within the general powers of courts, quite independent of statutes, to safeguard a fund deposited with clerks in pending cases as compensation to private individuals for rights taken.

Although the government has paid the money into court to answer the damages awarded in pending causes, thereby, in a sense, changing the fund from its character as public funds to that of a private fund, it still has an interest to see that the money is taken care of, and that the right party gets it, and it is for this reason that I required notice to the district attorney. I see nothing wrong about the disposition of the money. The money is in a depositary of the United States under special orders of court rather than under a general order, and, moreover, the special orders are founded upon stipulations formally entered into by the parties interested in the fundamental and substantial right.

It cannot be possible that section 99 has any application to such a situation.

This rescript may be entered in all cases where the question is raised.